IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NICOLAS OLLOQUE, III, | § | |
| Petitioner, | § § § | |
| v. | § § | Civil Action No. H-21-922 |
| UNITED STATES OF AMERICA, | § § | Criminal Action No. H-18-438 |
| Respondent. | § § § | |

ORDER

Pending before the Court are Petitioner Nicolas Olloque, III's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Document No. 1, Criminal Document No. 69) and the United States' Motion for Judgment on the Record (Criminal Document No. 74). Having considered the motions, submissions, and applicable law, the Court determines the Respondent's motion should be granted and the Petitioner's motion should be denied.

I. BACKGROUND

On August 2, 2018, a grand jury indicted Petitioner Nicolas Olloque III ("Olloque") on one count of Convicted Felon in Possession of a Firearm ("Count One") and one count of Convicted Felon in Possession of Ammunition ("Count Two"), both in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On September 28,

2018, Olloque signed a plea agreement, pleading guilty to Count One. On January 4, 2019, the Court sentenced Olloque to 75 months imprisonment and three years supervised release.

On January 11, 2019, Olloque filed a notice of appeal to the United States Court of Appeals for the Fifth Circuit (the "Fifth Circuit") from the judgment and sentence imposed. On December 11, 2019, prior to the completion of Olloque's appeal, Olloque moved *pro se* to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On January 22, 2020, the Government moved to dismiss Olloque's § 2255 motion as his direct appeal was not yet finalized. On February 21, 2020, the Fifth Circuit dismissed the appeal as frivolous. On January 28, 2021, the Court dismissed Olloque's § 2255 motion without prejudice as Olloque's appeal was not yet finalized at the time the motion was filed.

On March 1, 2021, Olloque filed another notice of appeal to the Fifth Circuit from the order denying his first § 2255 motion. On March 15, 2021, prior to the completion of Olloque's second appeal before the Fifth Circuit, Olloque moved again *pro se* to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On March 30, 2021, Olloque's second appeal to the Fifth Circuit was dismissed for want of prosecution. On April 29, 2021, the Government moved for judgment on the record as to Olloque's pending § 2255 motion.

## II. STANDARD OF REVIEW

*A.     Relief Under 28 U.S.C. § 2255*

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Mimms*, 43 F.3d 217, 219 (5th Cir. 1995) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). Even if a defendant alleges a constitutional error, he may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the error. *United States v. Frady*, 456 U.S. 152, 167 (1982); *see also United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995). A petitioner must show "cause" to explain the reason why the objection was not made at trial or on direct appeal and show "actual prejudice" was suffered from the alleged errors. *Frady*, 456 U.S. at 167. To prove "cause," a petitioner must show an external obstacle prevented him from raising his claims either at trial or on direct appeal. *McCleskey v. Zant*, 499 U.S. 467, 497 (1991). To prove "actual prejudice," the petitioner must show he has suffered an actual and substantial disadvantage. *Frady*, 456 U.S. at 170.

To succeed under the "cause" and "actual prejudice" standard, a petitioner must meet a "significantly higher hurdle" than the plain error standard required on direct appeal. *Id.* at 166. This higher standard is appropriate because once the

petitioner's chance to direct appeal has been exhausted, courts are allowed to presume the petitioner was fairly convicted. *Id.* at 164; *see also United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (presuming defendant to be fairly and finally convicted after direct appeal). Ineffective assistance of counsel, if shown and applicable, will satisfy the requisite cause and prejudice. *Acklen*, 47 F.3d at 742. Additionally, a claim for ineffective assistance of counsel is properly brought for the first time in a § 2255 motion, *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc).

B. *Ineffective Assistance of Counsel*

The Court analyzes an allegation of ineffective assistance of counsel in a § 2255 motion under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984); *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). The movant must show his counsel's performance was both deficient and prejudicial to prevail on an ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 700; *Willis*, 273 F.3d at 598. To show deficiency, the movant must show his counsel's assistance was outside a broad range of what is considered reasonable. *Strickland*, 466 U.S. at 669. To establish prejudice, the petitioner "must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Harrington v. Richter*, 562

U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 694). Thus, when a petitioner challenges his conviction, this issue is whether "a reasonable probability exists that the jury would have had a reasonable doubt as to guilt." *Hernandez v. Johnson*, 213 F.3d 243, 249 (5th Cir. 2000). "This is a heavy burden which requires a 'substantial,' and not just a 'conceivable,' likelihood of a different result. *United States v. Wines*, 691 F.3d 599, 604 (5th Cir. 2012). "Counsel's errors must be 'so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable.' " *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 687). The movant must prove both prongs of the analysis: counsel tendered deficient performance and the movant suffered prejudice. *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997).

### III. LAW & ANALYSIS

Olloque moves, *pro se*, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the grounds his trial counsel ("Trial Counsel") and appellate counsel ("Appellate Counsel") rendered ineffective assistance of counsel and his plea was unconstitutional under a recent Supreme Court of the United States (the "Supreme Court") decision. Olloque contends Trial Counsel rendered constitutionally ineffective assistance: failing to seek and file letters from his family and friends that would have supported his pretrial release ("Claim One"); failing to adequately advise him during plea proceedings ("Claim Two"); failing to object to the upward variance by the Court ("Claim Three"); and failing to move for a

5

continuance to await new Supreme Court precedent Olloque believes would have been favorable to his case ("Claim Four"). Furthermore, Olloque collaterally attacks his guilty plea pursuant to the holding in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), ("Claim Five"), and contends Appellate Counsel rendered constitutionally ineffective assistance by failing to analyze *Rehaif* in relation to his case ("Claim Six"). The Government contends Olloque's § 2255 motion should be denied without further proceedings because Olloque has not met his burden of showing ineffective assistance of counsel, there are no genuine disputes of material facts, and he waived his right to collaterally attack his sentence by pleading guilty and seeks to enforce the waiver. The Court addresses each of Olloque's claims in turn.

*A.    Claim One*

Olloque contends Trial Counsel rendered constitutionally ineffective assistance by failing to seek and file letters from his family and friends to support his pre-trial release. The Government contends Olloque was not prejudiced by any alleged deficiency of Trial Counsel.

"Under the Bail Reform Act, a defendant shall be released pending trial unless a judicial officer determines that release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." *United States v. Stanford*, 341 F. App'x 979, 981 (5th Cir. 2009) (per curiam). Pre-trial detention serves a regulatory goal, rather than a punitive goal, and

does not usually implicate due process concerns. *United States v. Stanford*, 394 F. App'x 72, 74 (5th Cir. 2010) (per curiam) (citing *United States v. Salerno*, 481 U.S. 739, 746–48 (1987)). The prejudice prong of *Strickland* requires "showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." 466 U.S. at 687. Accordingly, the prejudice inquiry "focuses on . . . whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

Olloque contends Trial Counsel was deficient by failing to perform a pre-trial investigation involving seeking and filing with the Court letters from his family and friends before his pre-trial detention hearing. Olloque does not contend Trial Counsel's alleged failure to seek and file letters somehow affected his right to trial, his decision to plead guilty, or the sentence imposed. The prejudice inquiry of *Strickland* focuses on the reliability and fairness of a trial, rather than on the outcomes of a pre-trial detention hearing. Olloque cites no statute or case law indicating counsel is constitutionally ineffective for failing to seek and file letters in anticipation of a detention hearing. The Court finds Trial Counsel's alleged failure did not prejudice Olloque such that his right to a fair trial was implicated. Accordingly, Olloque's motion is denied and the Government's motion is granted as to Claim One.

## B. Claim Two

Olloque contends Trial Counsel rendered constitutionally ineffective assistance by allegedly pressuring him to plead guilty and accept the plea agreement. The Government contends there is no evidence to suggest Olloque was pressured to accept the plea agreement.

There is nothing in the record beyond Olloque's self-authored letter stating Trial Counsel had pressured him into accepting the plea agreement.[1] In the plea agreement, Olloque represented he freely and voluntarily accepted the plea agreement and no threats had been made against him.[2] In an addendum to the plea agreement, Trial Counsel represented he had explained the plea agreement to Olloque, he had reviewed every part of the plea agreement with Olloque, and Olloque's decision to plea was a voluntary and informed one.[3] Olloque himself represented, in a second addendum to the plea agreement, he had carefully read and reviewed the provisions of the plea agreement, he understood the agreement, and he was pleading voluntarily.[4] The Court ensured Olloque understood his rights and

---

[1] *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, Criminal Document No. 68 at 16.

[2] *Plea Agreement*, Criminal Document No. 15 at 15–16.

[3] *Plea Agreement*, Criminal Document No. 15 at 17.

[4] *Plea Agreement*, Criminal Document No. 15 at 18.

obligations under the plea agreement.[5] Olloque confirmed under oath he was satisfied with Trial Counsel during rearraignment.[6] The Court finds Olloque has not shown Trial Counsel was deficient by way of pressuring him to plead guilty. Accordingly, Olloque's motion is denied and the Government's motion is granted as to Claim Two.

C.  Claim Three

Olloque contends Trial Counsel rendered constitutionally ineffective assistance by failing to object to the Court's upward variance on the grounds he was not given reasonable notice. The Government contends no notice is required for variances.

The Federal Rule of Criminal Procedure 32(h) allows courts to depart from the applicable sentencing range on grounds not identified in the presentencing report so long as the defendant receives reasonable notice of the departure the court is contemplating and the grounds upon which it is being considered. Fed. R. Crim. P. 32(h). A departure occurs when a sentence given is outside of the applicable guideline range, different from the guideline sentence, or the court reassigns a defendant's criminal history category from their applicable category to sentence

---

[5] *Transcript of Rearraignment before the Honorable David Hittner*, Criminal Document No. 46 at 4–9, 12, 16–17 [hereinafter *Plea Hearing Transcript*].

[6] *Plea Hearing Transcript, supra* note 5, at 4.

outside the applicable guideline range. *See* U.S. Sent'g Guidelines Manual § 1B1.1 cmt. n.1(F) (U.S. Sent'g Comm'n 2018) (discussing departures generally and criminal history category reassignment pursuant to United States Sentencing Guidelines Manual § 4A1.3). In contrast, variances occur when a sentence is imposed which is outside the applicable guideline range based on statutory sentencing factors. 18 U.S.C. § 3553(a). Rule 32(h) applies to departures and does not apply to variances. *Irizarry v. United States*, 553 U.S. 708, 713 (2008). Additionally, "trial counsel's 'failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had [trial counsel] raised the issue.'" *United States v. Israel*, 838 F. App'x 856, 868 (5th Cir. 2020) (per curiam) (alterations in original) (quoting *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999)).

The Court varied upwards rather than departing from the applicable sentencing range.[7] Olloque's claim fails because Rule 32(h) only applies to departures. The Court thus finds Olloque's argument about reasonable notice meritless. Trial Counsel had no duty to raise an objection which constitutes a meritless argument, nor can it be grounds for an ineffective assistance of counsel

---

[7] *Transcript of Sentencing Before the Honorable David Hittner*, Criminal Document No. 42 at 16–17.

claim. The Court finds Olloque has not shown Trial Counsel's deficiency because Rule 32(h) is inapplicable here. Accordingly, Olloque's motion is denied and the Government's motion is granted as to Claim Three.

D. *Claim Four*

Olloque contends Trial Counsel rendered constitutionally ineffective assistance by failing to move for a continuance to await new Supreme Court precedent Olloque believes would have been favorable to his case. The Government contends Trial Counsel was not required to move for a continuance and, even if he had been, Olloque was not prejudiced.

The overriding mission of criminal defense attorneys is the vigorous advocacy of their client. *Strickland*, 466 U.S. at 689. "No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." *Id.* at 688–89. Thus, to demonstrate deficient performance, "the defendant must show that, in light of the circumstance as they appeared at the time of the conduct, counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional norms." *Rhoades v. Davis*, 852 F.3d 422, 431–32 (5th Cir. 2017). Trial counsel's conduct is presumed to fall within the wide range of reasonable professional assistance. *Id.* at 432. Strategic decisions are given a strong degree of deference. *Id.*; *see Harrington*, 562

U.S. at 104–06 (discussing the bounds of reasonable professional assistance). A motion for a continuance is a tactical decision. *See Gray v. Netherland*, 518 U.S. 152, 169 (1996).

Trial Counsel did not raise a motion for continuance pending the decision of the Supreme Court case *Rehaif*, a case whose holding implicated the knowledge requirement of the crime to which Olloque pleaded guilty. 139 S. Ct. at 2200. Trial Counsel's decision not to move for a continuance was a tactical decision and is presumed to fall within the wide range of reasonable professional assistance. Olloque cites no case requiring Trial Counsel to move for a continuance while a case potentially implicating the crime with which the defendant is charged is pending. The Court finds Trial Counsel's decision not to move for a continuance was a reasonable strategy and a part of his vigorous advocacy for Olloque. The Court thus finds Olloque has failed to show Trial Counsel's decision not to move for a continuance falls below the objective standard of reasonableness as measured by prevailing professional norms. Accordingly, Olloque's motion is denied and the Government's motion is granted as to Claim Four.

E.  *Claim Five*

Olloque collaterally attacks his conviction stating the Government has not met their burden of proof of the knowledge requirement for violations of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), as articulated in *Rehaif.* 139 S. Ct. at 2194. The

Government contends Olloque waived his right to collaterally attack his sentence and seeks to enforce the waiver.

Under 28 U.S.C. § 2255, a prisoner in custody has a right to petition the court to "vacate, set aside, or correct" a sentence "that was imposed in violation of the Constitution . . . of the United States." 28 U.S.C. § 2255. However, this right may be waived, and waivers of post-conviction relief pursuant to a plea agreement are generally enforceable. *United States v. Barnes*, 953 F.3d 383, 389 (5th Cir. 2020). Specifically, the waiver must: (1) be "knowing and voluntary," and (2) "appl[y] to the circumstances at hand, based on the plain language of the agreement." *Id.* (quoting *United States v. Kelly*, 915 F.3d 344, 348 (5th Cir. 2019)).

Waivers of the right to collateral review are knowing and voluntary "if the defendant knows that he has the right to collateral review and that he is waiving it in the plea agreement." *Id.* at 386. The same rule applies to waiver of appellate rights. *United States v. Higgins*, 739 F.3d 733, 736 (5th Cir. 2014) (quoting *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005)). Because a waiver of post-conviction relief necessarily involves accepting an unknown and unannounced sentence, the Court "must ascertain that defendants understand provisions in plea agreements waiving the right to appeal." *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014) (citing Fed. R. Crim. P. 11(b)(1)(N)). Therefore, before the Court may accept a guilty plea containing a waiver of post-conviction relief, the Court "must inform

the defendant of, and determine that the defendant understands, . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Fed. R. Crim. P. 11(b)(1)(N). Furthermore, "[s]olemn declarations in open court carry a strong presumption of verity." *United States v. Palacios*, 928 F.3d 450, 455 (5th Cir. 2019) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977)).

At Olloque's rearraignment, the Court admonished Olloque about the specific waiver provisions contained in his plea agreement. The Court specifically stated:

> Do you also understand that under some circumstances you or the government may have the right to appeal any sentence that a court imposes except to the extent that you have waived your right to appeal in your plea agreement. And I understand you have waived all but one of those rights. Do you understand that?[8]

Olloque replied, "Yes, sir."[9] Furthermore, the Government explained the rest of the plea agreement, including the factual basis of his guilty plea, in detail to the Court.[10] Olloque confirmed he understood the full terms of the plea agreement.[11] Thus, the Court finds Olloque's waiver of post-conviction appeal and collateral attack in his plea agreement to be knowing and voluntary. The Court next turns to whether the

---

[8] *Plea Hearing, supra* note 5, at 9.

[9] *Plea Hearing, supra* note 5, at 9.

[10] *Plea Hearing, supra* note 5, at 9–16.

[11] *Plea Hearing, supra* note 5, at 16–17.

waiver "applies to the circumstances at hand." *Barnes*, 953 F.3d at 389 (quoting *Kelly*, 915 F.3d at 348).

The plea agreement, signed by Olloque,[12] contains a provision waiving all post-conviction rights except for ineffective assistance of counsel. The waiver states:

> Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255.[13]

The waiver signed by Olloque in the plea agreement indicates he only retained his right to collaterally attack his sentence for ineffective assistance of counsel. Accordingly, the plain language of the agreement shows the waiver applies to the circumstances at hand, in which Olloque brings a motion for post-conviction relief pursuant to § 2255 that does not allege ineffective assistance of counsel. The Court therefore finds the waiver of post-conviction appeal and collateral attack valid and enforceable. Accordingly, Olloque's motion is denied and the Government's motion is granted as to Claim Five.

---

[12] *Plea Agreement*, Criminal Document No. 15 at 18.

[13] *Plea Agreement*, Criminal Document No. 15 at 3–4.

F. *Claim Six*

Olloque contends Appellate Counsel rendered constitutionally ineffective assistance by failing to appeal on the grounds he did not have the requisite knowledge to prove violations of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), as articulated in *Rehaif*. 139 S. Ct. at 2194. The Government contends Olloque has waived his right to appeal his sentence except for ineffective assistance of counsel claims under § 2255, and thus cannot be prejudiced by Appellate Counsel's failure to appeal on the grounds contended.

To establish prejudice, the petitioner "must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 694).

Olloque waived his right to collaterally attack or appeal his sentence except for ineffective assistance of counsel claims under § 2255, as discussed in the Claim Five analysis.[14] The Court finds Olloque has waived his post-conviction right to collaterally attack or appeal his sentence under the circumstances here. The Court thus finds Olloque has not demonstrated a reasonable probability the result of the

---

[14] *See* discussion *supra* Part III, Section E.

proceeding would have been different had Appellate Counsel appealed under *Rehaif* because of his post-conviction relief waiver under the plea agreement. Accordingly, Olloque's motion is denied and the Government's motion is granted as to Claim Six.[15]

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Petitioner Nicolas Olloque, III's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Document No. 1, Criminal Document No. 68) is **DENIED**. The Court further

**ORDERS** that Respondent United States of America's Motion for Judgment on the Record (Criminal Document No. 74) is **GRANTED.**

---

[15] Olloque also requests an evidentiary hearing to address his § 2255 motion. An evidentiary hearing is unnecessary when a district court can "conclude as a matter of law" on the current record "that the petitioner cannot establish one or both of the elements necessary to establish his constitutional claim[.]" *United States v. Fields*, 565 F.3d 290, 298 (5th Cir. 2009). Thus, the Court need not conduct an evidentiary hearing in this case.

**THIS IS A FINAL JUDGMENT.**[16]

SIGNED at Houston, Texas, on this 4 day of June, 2021.

                                                        DAVID HITTNER
                                          United States District Judge

---

[16] A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes reasonable jurists would not find its assessment of the claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether . . . the petitioner should have been resolved in a different manner . . . ."). Because Olloque does not allege facts showing his claim could be resolved in a different manner, a certificate of appealability will not be issued.